Argued. September 19, affirmed December 24, 1969,
petition for rehearing denied January 27, 1970.
Petition for review denied by Supreme Court
March 31, 1970

## STATE OF OREGON, *Respondent, v.*
## RAY D. WADE, *Appellant.*

462 P. 2d 701

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Robert M. Burrows,* Deputy District Attorney, Grants Pass, argued the cause for respondent. With

him on the brief was Michael S. Killoran, District Attorney, Grants Pass.

LANGTRY, J.

Defendant appeals from a conviction of sodomy, ORS 167.040, which he allegedly committed upon Tony, a seven-year-old boy. Two errors are asserted: first, that Tony and his companion, Jimmy, aged 8, were allowed to identify the defendant in court without a previous determination of whether the children's testimony was tainted by an allegedly unfair out-of-court confrontation; and, second, that the jury verdict was not unanimous. Ten of the jury voted for conviction.

On August 22, 1967, Jimmy and Tony were hiking in a wooded area when a young man accosted them and committed sodomy upon Tony. The boys later informed their mothers who reported the matter to the police. The police obtained a description of the assailant from the boys, and unsuccessfully searched for the assailant. On the following October 17, Jimmy saw a man he recognized as the offender, and hurried to tell his mother, giving a description of the things about the man's appearance that led him to recognition. The mother called the police, giving the description and the place where Jimmy had seen the suspect. The defendant was immediately apprehended. A policeman then brought the defendant to Jimmy's home and Jimmy, upon seeing him, said that he was the man who had committed the act. Thus, Jimmy led the police to the defendant.

The policeman then took the defendant to Tony's home. Tony's mother testified that the policeman re-

mained at the door of her house and did not recall the August incident to Tony.

> "The police officer just asked Tony to go over to the car and look at the boy [the defendant], and Tony went over there and he told the boy that he was the one that had done that nasty thing to him up on the hill, and the officer came over to the car and Tony told him that was the boy."

■ When the boys identified the defendant in court no objections were made. In *State v. Avent,* 209 Or 181, 183, 302 P2d 549 (1956), the Oregon Supreme Court said:

> "* * * [I]t is not error only, but error legally excepted to, which affords ground for reversal. The rule applies in criminal as well as civil cases * * * it will not be relaxed unless the court, upon an examination of the entire record, can say that the error is manifest and that the ends of justice will not otherwise be satisfied."

On the authority of *Avent* there is no need here to discuss this assignment.

■ The assignments of error relating to the less than unanimous jury verdict present a question which was decided adversely to defendant's contention in *State v. Gann,* 254 Or 549, 463 P2d 570 (Decided December 19, 1969).

Affirmed.